Minnesota, Stephen Wirtz v. Specialized Loan Servicing. All right, Madam Clerk, I neglected to have you check through lawyers, so why don't you do that too to make sure everybody's connected. Mr. Herr? I should be on. Very good, thank you. And Mr. Court? Good afternoon, I'm here. Thank you. All right, very well. Mr. Herr, we'll hear from you first. Thank you, Your Honor, and may it please the Court. This case is back before the Court following remand because, in our view, the District Court did not follow Minnesota law when it dismissed Stephen Wirtz's claims. I'd like to talk briefly today about the facts, the statute, and the Minnesota Supreme Court decisions. All of them dictate reversal in this case. On the facts outlined in the earlier decision of this Court, in some detail, Specialized asserted claims that Stephen Wirtz was in default on his mortgage, which he believed were wrong. He's a postal worker, and the debt, he believed, was resolved in a Chapter 13 proceeding that was completed in 2013. Specialized still came forward with the claim he'd fallen behind, but couldn't respond, wouldn't respond, did not conduct an investigation to determine just what the how the debt was handled over a series of assignments and substitutions of new administrators of the mortgage. He was told to go find an answer from Specialized's predecessor, someone Wirtz hadn't selected or dealt with, and he suffered injuries. Injury under the statute when the district court said he wasn't injured. Those injuries included spending money to get records which Specialized required him to get, imposed more than $400 in late charges that he believed were unjustified and were never really explained. He hired counsel to investigate his claims, and now we submitted a 28-J letter yesterday. The Engstrom court, the Minnesota Supreme Court, has squarely held that those fees constitute injury, and not that they can be recovered even necessarily, but they meet the statutory test. He also suffered a credit injury. It's outlined in his affidavit that he filed with the court in 2016 specifically outlining how a lender had offered him an 8% rate on a car loan and told him if it weren't for the erroneous entries in the credit report from Specialized, it would have been a 5% loan. All those things are facts that we submit put this case squarely within the purpose of the statute, the regulatory scheme of the statute. And as compelling as those facts are and should be, the statute is also clear, and we think the statute needs a little analysis from this court that it didn't get in the district court. Can I ask you about Engstrom? There's a line in Engstrom that says, I believe it's on page 791 of the opinion, we express no opinion on whether Engstrom can prove causation and the other elements of his claim. Even if those fees and costs are recoverable, one thing I see the court saying is you still got to establish causation. And the district court said you had established causation here. So what's your best argument there's causation? Well, Your Honor, the best argument is they wouldn't have been occurred but for specialized misconduct. And it's noteworthy that the district court had previously awarded them and only was this court that took the view that the damages had to be, you first had to show actual damages and that then some of those things would be added as additional remedies. That's not part of the Minnesota statutory scheme. It's how RESPA works. RESPA says actual damages then additional, the following additional relief. But the Minnesota statute is very clear. It requires an injury and we know that the attorney's fees provide an injury. And then it says in mandatory language, the court shall award four different forms of relief, all joined by an and. So all of those things are on the table as a remedy that the injured borrower is entitled to under Minnesota law. Well, it sounds to me like you're saying the statute includes the words injured by, which I think Engstrom basically says has a causation type standard. It sounds to me like you're arguing that but for causation is enough. Do you think the statute is different in that way or do we also have to have proximate cause like we held in the previous iteration of this case under the federal statute? Well, I think under this statute, you look at what the court did in Gretsch and in Engstrom, I think, yes, they didn't ultimately answer the question in Engstrom because it really wasn't there. The district court had disposed of the case without addressing that. But for a remedial statute like this under Minnesota law, I think the words a borrower injured by, and then it goes forward with any violation of the federal statute, which again, that fact is decided in law of the case, that there was a violation, a repeated violation, and you read this court's decision, it's a clear violation or a series of violations. I don't think any federal court should be turning a blind eye to that type of conduct and saying injuries weren't caused by it, where again, it's the specific type of injury that the statute clearly is addressed or intended to address. Can I ask really quickly before you move on, on the $400 in late fees, I remember seeing something in the district court about the district court asking for more information about that, and it appears that that information may never have been provided according to the record. What do we do with that? And please feel free to correct me if I'm completely wrong about my reading of the record. Your Honor, you're not completely wrong. I'm not sure what you should do with it because we clearly proved that there were these charges, and we've heard sort of vague suggestions that, oh, they were adjusted or some of them would not be collected or would be ironed out. That hasn't happened to my knowledge. So it's one item of injury that maybe needs to be done on remand again, and I hate to ask for that, but I think that's one of the things that may have to come here. But I think it's important, again, in the statute. The Minnesota statute isn't structured the way RESPA is, and the district court here clearly followed the RESPA analysis, and it followed decisions, the Winkler and Redlow decisions, which I think are, you know, the rationale given in Winkler that because damages is the first item in the list of four statutory remedies that must be awarded, proof of actual damages is somehow part of one of the elements of the claim, and it's just, to me, that's a far-fetched notion of statutory interpretation. You can't read the statute and conclude that, oh, what they mean here is what the district court and what these unpublished decisions, and this court's earlier decision, I think, wisely avoided embracing that rationale and instead remanded, but the district court really didn't fix it and was clearly focused on the idea that if there isn't a RESPA claim, there can't be a Minnesota statute claim, and that's, I think, just wrong under the case law. And I think that the issue is, frankly, I think it should reinstate the earlier judgment, and it may need to remand for the 400 that the record isn't clear on. It's information that's in the possession of specialized or its predecessors and hasn't been given to Mr. Wirtz. We should not suffer in any way because of the absence of their record-keeping or, as this court recognized in its earlier decision, the failure of specialized to conduct the investigation required by RESPA. It didn't do what it should. We should not be suffered. It's the same as in a Wage and Hour Act case. If the employer doesn't keep records, it's a consequence of there not being records available. And I hesitate to do this, but if the court doesn't find Bretsch and Engstrom as clearly guiding it to say, under Minnesota law, which applies here,  of Mr. Wirtz, then I think you really do need to certify the question to the Minnesota Supreme Court and have them answer whatever remaining question there is. But it's unusual to me to see a case where there are two Minnesota Supreme Court cases that go so far to answer the question before the court. What did Judge Doty say to certifying the issue? He declined to do that. He said it wasn't necessary and that's certainly his prerogative. I do recognize that it's a discretionary call for the federal court. It was discretionary for him. It's discretionary for you. But I do think it's the right thing to do if you're in doubt, if you find this to be a perplexing question. I look at the legal and statutory record here. I don't think it's that difficult a question. So that's your call. I understand. You don't really need my view about how hard this case may be for you. But if there are no further questions, I'll save the balance of my time for rebuttals. Very well. You may. Thank you for your argument. Thank you. Mr. Court, we'll hear from you. Good afternoon, Your Honors. May it please the court. My name is Benjamin Court and I'm here on behalf of Specialized Loan Servicing. I may refer to Specialized Loan Servicing as SLS. Mr. Perr and I disagree on a great many things, but we do agree on one thing, which is this is not a difficult question. And this case can be affirmed on a narrow decision consistent with Minnesota law and the federal courts in Gretsch, Engstrom, Winkler, and Brenlow. And here's the path. Mosler, like Respa, requires the plaintiff to be injured by a violation. It seems as though the plaintiff is now admitting that that's the case. Now here, Wirtz's Mosler claim, and this is key, was entirely premised on a violation of Respa, a federal statute. And the site there is 58.13 subdivision 8 of the Minnesota statute. So, to succeed under Mosler, Wirtz must establish that he was injured by the Respa violation. That is the plain reading of the statute, of the Minnesota statute. And this court has already determined that Wirtz was not harmed by the Respa violation because he suffered no proximately caused actual damages. And because he did not, he was not injured by the Respa violation, the plain language of Minnesota statute 58.18 establishes that he was not injured as required by Mosler and therefore has no claim. This is consistent with this court's determination that Mosler piggybacks on Respa. It's also consistent with the Minnesota Supreme Court's determination that Mosler is not ambiguous, as Wirtz seemed to previously suggest. Now, if the legislature intended the provision to read as Wirtz was suggesting before, they could have certainly omitted the injured by language. And as Justice Strauss points out, that is the key here in our view. And it's not just that he's injured by the alleged violation. Here, that violation is the violation of a federal statute. So he has to show that he has been injured by the violation of the federal statute. And this court has already determined he has not. So we believe that that is the clear and easy and simple and correct path. Hold on a second, Mr. Court. You're saying that there is no violation of the federal statute at all? He was not saying that he suffered actual damages in order to state a claim. So in order for him to state a claim, he must be injured. And he did not suffer, as Your Honor wrote in the opinion, he did not suffer any actual damages. And by not suffering any actual damages, he could not state a claim, he was not injured, and he could not assert any of the other damages that Mr. Herr was alluding to either. Because under the federal statute, which is the key here, Mosul is just a vehicle. The driver here is RESPA. So his failure to be able to assert and really create any proximate relationship between any alleged damages under RESPA closes the door to him being injured. Counsel, doesn't that still leave us with the same place where we started, which is the question of whether injury is actual damages? This Court has already determined that actual damages, well, we know, Your Honor, that actual damages are required under RESPA in order to state a claim. And this Court has already determined that he has not stated a claim under RESPA. So what Mr. Herr is trying to get you guys to look at is Mosul isolated. And there are, as the Court all knows, there are many provisions under Mosul. But the provision, the sole provision, that this claim arises under Mosul is piggyback on violation of a federal statute. So we have to look at whether he was injured by the violation of the federal statute, because that is the basis of this claim. So the record here clearly establishes that the only damages asserted were $80, which had nothing to do with the RESPA violation. What about the cost of, and I think that Mr. Herr raises, the cost of attorney investigation? I assume some sort of, I don't know how much those costs were, but would those be treated differently than the $80 we had dealt with in the first case? No, Your Honor, for two reasons. One, Wirtz failed to preserve and or he abandoned all damages under RESPA. He's had many bites at the apple here. In fact, Judge Doty gave him the front door to amend his claim and supplement his claim for damages. He did not do so by introducing any evidence on any of these issues, and different from Gretsch and Engstrom, those were on motions to dismiss. This is a motion for summary judgment. The record in this case is five years old and has been fully established in the district court. Whatever Mr. Wirtz did not pursue, did not go after, did not supplement, is to his detriment. As this court knows, summary judgment is the shut up or put up moment. He has had every opportunity to assert all of these damages and has not done so. So that's reason number one. Reason number two, under RESPA, he doesn't get to the other damages unless or until he goes back to your honors. Counsel, in that regard, does that include punitive damages? Yes, your honor. So if there was a continuing and deliberate violation of the statute, he could not get punitive damages if there were no actual damages? Yes, that is correct. And this court has actually  But I'm talking in the hypothetical. Sure. So for two reasons, he is not able to supplement his claim for damages, and there are no fact issues with respect to damages. In fact, on page 15 of his appeal reply brief, Mr. Wirtz admits that he did not petition for damages related to, for example, late fees, nor did he petition for damages for anything else. There's an odd tortured argument that he attempts to make with regard to seeking of equitable damages, and somehow he, because he sought equitable damages on the supplement, that somehow that left open the door for these other damages. But that was, in any event, denied by the district court, and it was not appealed. So that is a closed door. So your view, then, is that the only thing we're dealing with that he hasn't abandoned are the $85 that we dealt with in the first appeal under Mosler, and then also the $400 in late fees. Those are the only ones that are properly before us, in your view. Are there I don't believe the $400 is properly before this court. The $80 was already disposed of by this court. Now, in his briefing, Mr. Wirtz alludes to the $400 and whatever dollars it was, and the suggestion by Mr. Hur that it was clearly proved is unequivocally false, as Judge Doty, in his opinion, said, it's plain clear that I could not determine that, and as a consequence of that, Judge Doty opened the door for Mr. Wirtz to provide that information. He just did not do it, and he can't do it now on appeal five years after this case was filed, and on the second appeal of this case. It's just too little, too late. So, you know, and also with respect to the Engstrom case, you know, the 11th hour introduction of it is really kind of a red herring, because it, as I indicated before, is misplaced. That was on a motion to dismiss, and, you know, with regard to attorney's fees and investigation, as I think Judge Strauss, I believe, pointed out, that, you know, that there was still a requirement to show proximate cause relationship here, and really at the end of the day, going back to Wirtz 1, that's what this is all about. The proximate cause relationship. This court has already determined that the only and it's already determined that that was not proximately related to the violation. As a consequence, I don't think this court needs to upset any of the decisions that have been issued by any of the courts, overrule any of the decisions, or disagree with any of the decisions, because I believe this case is very narrow in its focus, primarily because the only Muslim violation here was related to the violation of a federal statute. So that is the harm and the injury that is the only injury and the only harm that this court looks to, and if we look to what is required under RESPA, he has to show actual damages, which isn't done. But what I'm trying to understand is whether a person can violate the federal statute without causing damages for purposes of the Minnesota statute. I think you answered that question perhaps that there was a violation of RESPA, but that there were no damages, and as a consequence, he could not state a claim under RESPA. That's what I thought, but I thought you keep saying here that there's no violation of the federal law because he didn't show damages. There's no cause of action under the federal law because he failed to establish damages. So the question before this court is whether Mosulah provides a cause of action when the servicer, SLS, violates the federal statute, but there is no cause of action. And the question is no, he cannot state a claim under Mosulah because Mosulah specifically says he has to be injured by the violation of the federal statute. So do you view the two as parallel then? If you can't show damages under RESPA, you can't show injury under the state law, and therefore they rise or fall together? Absolutely, Your Honor. Yes, and I think that's what this court meant when it said that Mosulah is a piggyback on RESPA for purposes of the claim that was brought by Mr. Wirtz under RESPA. Now, have there been other causes of action under Mosulah? We may have a different story, but because of the very singular and very narrow way that this case under the Mosulah claim was postured, this is the right result. I can't make a hypothetical up if there had been some proving of some other violation under Mosulah, but that's not before this court. So at the end of the day, oh, and to go back to the issue of the late fees, I think Your Honors will remember that Mr. Wirtz settled with the actual entity that misapplied his payment, and if you may recall, we were just stuck in the middle, SLS was stuck in the middle of that. There was a settlement with Chase. Chase may have the information with regard to those damages, but because of the settlement, we were not allowed to have them. As you may recall, looking at the record, we asked Judge Doty to provide that because those damages were never preserved. They're not properly before this court, nor are any of the other damages. Counsel, I have my own theory about Gretsch and what it says, but I'd like for you to address it. The opposing counsel relies on Ed and Engstrom, and we've talked about Engstrom, but I want to hear your response to Gretsch. Well, I know that you didn't participate in the argument or the decision, Your Honor, so I have my own opinion on it, and that is that it is a standing issue, not a causation or a winning issue. I mean, in Gretsch, what the court decided was, in that case, she had alleged in her complaint that her house was being wrongly foreclosed, and that for purposes of standing was sufficient to meet the injury and facts standard for standing, but standing is not winning. Standing is not proximate cause relationship with your damages, and that's just, we're way beyond where Gretsch was in its determination of that case. This is a very different case from Gretsch, and I think it can stand and not, in this case, could be affirmed, and that case can still stand. It's apples and oranges. All right. Thank you for your argument, Mr. Court. Mr. Heard, I'm remaining for rebuttal. Well, I heard several, thank you, Your Honor, I'm sorry. It's the one thing that isn't great about these hearings is it's easy to step on people you wouldn't normally step on. I heard several times that Minnesota law requires proving actual damages under the statute. It's just not true, and Stephen Wertz demonstrated what the Minnesota Supreme Court has recognized as recoverable. The attorney's fees incurred in response to violations under, in that case, the private attorney general statute, which is specifically made part of Chapter 58, you know, 58.18 here. Did you mention that case to Judge Doty? It comes up to us the day before our argument. It's decided in July of 2019. Well, Judge Doty's summary judgment order was in 2018, so we didn't have a case at that point. It really... It wasn't in the briefs with us, though, huh? When our last brief was filed, that case, it still had a month before it was going to be decided or something. Oh, I didn't realize the briefs were so old. Okay. Yeah, they've been around a while. We still could have had the letter a little sooner, but go ahead. I apologize for that. There's no question. Go ahead with your argument. Go ahead. I understand. Moslett doesn't piggyback on RESPA in the sense that it requires the same thing or that you have to have a RESPA cause of action in order to violate Moslett. It just isn't what the statute says. This court has determined there was a violation. The district court had already determined that Mr. Wertz had proven his attorney's fees as a under RESPA. This court reversed that, but it didn't reverse the idea that there were attorney's fees incurred. The argument that we have abandoned claims is just a bizarre one. All we've done with respect to RESPA claims is acknowledge what this court ruled about them, and we've proceeded with what was left and what was directed on remand. We have not And this court never determined that there were no actual damages. That's just a misstatement to say that, and it's just wrong. The idea that we're here with too little too late is just not the case. The statute, again, I would say read the statute. He relies again on Winkler. I just can't imagine this court would embrace that as rational jurisprudence in statutory interpretation. So with that, I'll repeat my request that you reverse, enter judgment in our favor, or remand, and if you're in doubt, certify the question, and let's get this concluded. Thank you, Your Honors. Very well. Thank you for your argument. Thank you to both counsel.